# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| PARIS CHERER, | ) | |
| Plaintiff, | ) | 2:06-cv-00932-JCM-RJJ |
| vs. | ) | **ORDER** |
| SUE FLAHERTY, *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff Paris Cherer, a Nevada prisoner submitted his complaint on August 1, 2006. Plaintiff has now paid an initial installment of the filing fee, as required by an Order of the Court entered on August 23, 2006 (*see* docket #3 and #4). Plaintiff's complaint will therefore be filed and docketed.

Pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel*

1  *v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a
2  claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim
3  that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In
4  making this determination, the Court takes as true all allegations of material fact stated in the
5  complaint, and the Court construes them in the light most favorable to the plaintiff.  *See Warshaw v.*
6  *Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less
7  stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9
8  (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

9        All or part of a complaint filed by a prisoner may  therefore be dismissed *sua sponte* if
10  the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on
11  legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or
12  claims of infringement of a legal interest which clearly does not exist), as well as claims based on
13  fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S.
14  319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

15        Plaintiff complains that his due process rights guaranteed under the Fourth
16  Amendment to the United States constitution were violated by Defendant Sue Flaherty, when she
17  invaded his privacy by sending unsolicited emails (Count I) and then arrested him on charges of
18  enticing or concealing a minor as a result of his response to those the emails (Count II).  Plaintiff
19  alleges that Flaherty acted undercover as a fourteen year old minor when sending the emails, and that
20  she failed to state her pretend age giving him no way of knowing he was corresponding with a minor.

21        <u>Count I</u>

22        Entry into  a person's home to obtain evidence is a search that should bring into play
23  all the protections of the Fourth Amendment.  *Osborne v. U.S.,* 385 U.S. 323, 345 (1966).  However,
24  the submission of an email to an individual's personal computer, which may or may not be opened
25  and read, does not constitute entry.  Plaintiff admits that he could have ignored the email or "deleted
26  it as junk mail."  Complaint, p. 5.  In fact, he states that is what he did, although the complaint is

inconsistent on this point. Thus, either no actual entry was made or the entry requested by the email was granted.  In either case, no invasion of his right to privacy occurred.

### Count II

Arrest by police without probable cause violates the Fourth Amendment's guarantee against unreasonable search and seizure.  *Caballero v. City of Concord,* 956 F.2d 204, 206 (9th Cri. 1992).  Probable cause exists when, "under the totality of the circumstances known to the arresting officers, a prudent person would believe the suspect had committed a crime."  *Dubner v. City and County of San Francisco,* 266 F.3d 959, 964, 966 (9th Cir. 2001).

Plaintiff has not stated a claim for relief for false arrest.  The complainant admits that there was at least one place in the "file" that the undercover agent advised that she was only fourteen.  *See* Complaint, Count II, p. 5.  Moreover, it also appears that he has been to trial or is being held over for trial, which indicates there was a finding by the court that probable cause did exist for his arrest.  *See* Complaint, p.8, item 3.

Taking the allegations as true, plaintiff has failed to state any claim under the Fourth Amendment and the complaint shall be dismissed.  Plaintiff will be given one opportunity to amend his complaint, if he believes he can correct the outlined deficiencies.

**IT IS THEREFORE ORDERED** that the Clerk shall file and docket plaintiff's complaint, which was received September 1, 2006.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint within thirty (30) days of the date of entry of this Order if he believes that he can cure the described defects. If plaintiff does not file an amended complaint, the case will be dismissed and judgment entered.

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff the approved form for filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983.  If plaintiff chooses to submit an amended complaint, he must use the approved form, and he should write the words "First

Amended" above the words "Civil Rights Complaint" in the caption.

Dated this  1ˢᵗ  day of November, 2006.



_____
ROBERT J. JOHNSTON
United States Magistrate Judge